JUAN B. MATOS, Petitioner and Appellant, *v.* AUGUSTO VEVE, MARSHAL OF THE DISTRICT COURT OF HUMACAO, Respondent and Appellee.

No. 6500. Argued March 13, 1934.—Decided March 16, 1934.

*Burset & Pérez Pimentel* for appellant. *M. García González, District Attorney for Humacao,* and *Tomás Torres Pérez, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Juan B. Matos was named as temporary janitor of the District Court of Humacao by the Marshal thereof July 23, 1931. He was removed March 31, 1932. Later the district judge dismissed his petition for a writ of mandamus.

Section 6 of the Civil Service Act (Session Laws 1931, p. 534), provides for the continued employment of all persons in the Classified Service at the time that act went into effect. Section 28 specifies good cause, written charges, and a hearing as prerequisites to the removals of such employees. By the terms of section 5 all employees of the Insular Government not specifically included in section 4 are in the Classified Service. Temporary employees are not specifically included in section 4. Section 24 provides, however, that:

"All provisional appointments shall continue only until the establishment of a re-employment or employment list and in no case shall such appointments exceed a total of four months nor shall any person receive more than one provisional appointment, or serve more than four months, as a provisional appointee in any one fiscal year, except as specifically authorized by the Commission."

Construing these sections together, each in the light of the other, we concur in the view of the district court that the requirements of section 28 as to just cause, the preferment of charges, and a hearing have no application to the case of a temporary appointee after the expiration of four months from the date of his appointment. In no other way can full effect be given to the provisions of section 24, that in no case shall provisional appointments exceed a total of four months and that no person shall receive more than one provisional appointment or serve more than four months as a provisional appointee in any one fiscal year.

The judgment appealed from must be affirmed.